**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON**

**CIVIL ACTION NO. 09-74-DLB**

**RITA FAYE BRANSCUM**                                                                               **PLAINTIFF**


**vs.**                            **MEMORANDUM OPINION & ORDER**


**MICHAEL J. ASTRUE, Commissioner
SOCIAL SECURITY ADMINISTRATION**                                                **DEFENDANT**

\*   \*   \*   \*   \*   \*   \*

This action was brought pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security.  The Court, having reviewed the record and the parties' dispositive motions, will affirm the Commissioner's decision, as it is supported by substantial evidence.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Rita Faye Branscum applied for supplemental security income (SSI) benefits on March 1, 2006.  (Tr. 49).  At the time of filing, Plaintiff was 42 years old and alleged a disability onset date of July 1, 1983.  (Tr. 49).  She alleges that she is unable to work due to a heart condition, high cholesterol, high triglycerides, anxiety,  depression, and panic attacks. (Tr. 45).  Her application was denied initially and on reconsideration.  (Tr. 39, 45). At Plaintiff's request, an administrative hearing was conducted on May 17, 2007.  (Tr. 269-87). On July 18, 2007, Administrative Law Judge (ALJ) James P. Alderisio ruled that Plaintiff was not disabled and therefore not entitled to SSI benefits.  (Tr. 13-20).  This

1

decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on January 9, 2009. (Tr. 4-6).

On March 6, 2009, Plaintiff filed the instant action. (Doc. #2). The matter has culminated in cross-motions for summary judgment, which are now ripe for adjudication. (Docs. #10, 11).

## II. DISCUSSION

### A. Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). Moreover, even if there is evidence favoring Plaintiff's side, the Commissioner's findings must be affirmed if supported by substantial evidence. *Listenbee v. Sec'y of Health & Human Servs.*, 846 F.2d 345, 349 (6th Cir. 1988). Similarly, an administrative decision is not subject to reversal merely because substantial evidence would have supported the opposite conclusion. *Smith v. Chater*, 99 F.3d 780, 781 (6th Cir. 1996).

The ALJ, in determining disability, conducts a five-step analysis. Step 1 considers whether the claimant still performs substantial gainful activity; Step 2, whether any of the claimant's impairments, alone or in combination, are "severe"; Step 3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the claimant can still perform her past relevant work; and Step 5, whether a significant number of other jobs exist in the national economy which the claimant can perform. As to the last step, the burden of proof shifts from the claimant to the Commissioner. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

### B.     The ALJ's Determination

The ALJ concluded that Plaintiff has not been under a disability within the meaning of the Social Security Act since March 1, 2006. Although the Plaintiff alleges an onset date of July 1, 1983, she is not eligible to receive benefits for any months prior to the month she filed her application pursuant to 20 C.F.R. § 416.335. That said, the ALJ did consider Plaintiff's complete medical history consistent with 20 C.F.R. § 416.912(d).

At Step 1, the ALJ found that Plaintiff has not engaged in substantial gainful activity since March 1, 2006, the date she filed for benefits. (Tr. 15). At Step 2, the ALJ found that Plaintiff's morbid obesity constitutes a medically severe impairment, while finding her alleged heart problems, hypertension, arthritis, depression, and anxiety are not severe impairments as they do not result in any "significant vocationally relevant limitations." (Tr. 15). At Step 3, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 15). The ALJ's latter determination was based on the

absence of any medically objective evidence in the record that would meet or equal any listed impairment. (Tr. 15).

At Step 4, the ALJ found that Plaintiff possessed the residual functional capacity (RFC) to perform the exertional requirements necessary for medium work with no climbing of ladders, ropes or scaffolds and no more than occasional climbing of ramps and stairs. (Tr. 15). Specifically, the ALJ found that due to her morbid obesity, Plaintiff is limited to standing and walking no more than six hours in an eight hour work day and to lifting and carrying no more than fifty pounds occasionally and twenty-five pounds frequently. (Tr. 18). In making his RFC finding, the ALJ appropriately considered factors other than the objective medical evidence in assessing the severity of Plaintiff's symptoms such as: (1) the Plaintiff's daily activities; (2) the location, duration, frequency and intensity of Plaintiff's pain or other symptoms; (3) the medication Plaintiff takes to alleviate pain or other symptoms; and (4) treatment other than medication used to relieve pain or other symptoms. (Tr. 16). *See* 20 C.F.R. § 416.929(c).

Based upon the RFC, the ALJ determined that Plaintiff is able to perform her past relevant work as both as a cashier and child care monitor. (Tr. 19). At Step 5, the ALJ appropriately considered the Plaintiff's age, education, work experience, and RFC in conjunction with the Medical-Vocational Guidelines, and concluded that there exist a significant number of jobs in the national economy Plaintiff can perform in addition to her past relevant work such as dishwasher and cleaner. (Tr. 20). The ALJ, therefore, concluded Plaintiff is not disabled as that term is defined under the Social Security Act. (Tr. 20).

**C.     Analysis**

Plaintiff raises three arguments on appeal: (1) the ALJ did not properly consider Plaintiff's combination of impairments; (2) the ALJ erred in finding Plaintiff's statements about the severity of her symptoms "not entirely credible"; and (3) the ALJ's hypothetical question, posed to the vocational expert (VE) at Plaintiff's administrative hearing, failed to accurately portray Plaintiff's overall limitations. (Tr. 17). The Court will address these challenges in turn.

**1. Plaintiff's Combination of Impairments**

Plaintiff argues the ALJ did not properly consider the combined effect of her exertional and non-exertional impairments. The Commissioner must "consider the combined effect of all the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity." 42 U.S.C. § 1382c(a)(3)(G). Although the ALJ concluded Plaintiff's morbid obesity constituted a severe impairment, he found her heart problems, hypertension, arthritis, depression and anxiety non-severe, and further, that the combination of these impairments did "not establish the presence of medical findings that would meet or equal any listed impairment." (Tr. 15). Plaintiff contends that merely stating the combined effect was considered is insufficient, and that the Sixth Circuit requires a subjective symptom analysis.[1]

Plaintiff's contention, however, ignores the ALJ's consideration of Plaintiff's impairments during Step 4 of his analysis. The ALJ individually addressed Plaintiff's alleged heart problem, arthritis, hypertension, abnormal weight gain, depression and

---

[1] Plaintiff cites *Blankenship v. Bowen*, 874 F.2d 1116 (6th Cir. 1989), to support this proposition.

anxiety, referencing the medical records pertinent to each condition discussed.  (Tr. 16-18).  The ALJ's "individual discussion of multiple impairments does not imply that he failed to consider the effect of the impairments in combination." *Loy v. Sec'y of Health & Human Servs.*, 901 F.2d 1306, 1310 (6th Cir. 1990) (quoting *Gooch v. Sec'y of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987).  Plaintiff's argument is refuted by the ALJ's thorough review of the objective medical evidence in the record, which explicitly indicates that he considered the combined effect of Ms. Branscum's impairments.  *See Gooch*, 833 F.2d at 592.

Moreover, that the ALJ considered the combined effect of Plaintiff's impairments is implicit in his conclusion that Ms. Branscum's obesity is "a 'severe' impairment, as, *when considered alone*, it still causes more than minimal functional limitations...however, there is nothing in the evidence to suggest that claimant is not able to ambulate effectively." (Tr. 18) (emphasis added). First, specifically stating that he further considered obesity absent any other impairment, implies that the ALJ initially considered Plaintiff's impairments in combination.  Second, a finding that no other evidence in the record suggested Plaintiff is unable to ambulate implies that he considered whether other impairments–in combination with obesity–would effectively limit Ms. Branscum's ability to ambulate.

Most importantly, contrary to Plaintiff's assertion, this Court is not required to conduct a "subjective symptom analysis" to determine the combined effect of Plaintiff's impairments.  In *Loy v. Secretary of Health & Human Services*, 901 F.2d 1306, 1310 (6th Cir. 1990), the Sixth Circuit held the ALJ's conclusion that the Plaintiff's combination of impairments did not meet or equal any listed impairment by itself sufficiently established that he had considered the combined effects of all impairments. *See also Foster v. Bowen*,

853 F.2d 483 (6th Cir. 1988).  Because the ALJ concluded Ms. Branscum's combination of impairments did not meet or medically equal one of the listed impairments at Step 3 of his analysis, he properly considered Plaintiff's combination of impairments.

### 2. Plaintiff's Subjective Complaints

Plaintiff next claims that her testimony concerning the intensity and persistence of her symptoms is corroborated by the objective medical evidence in the record, and thus, the ALJ erred in his determination that such testimony was "not entirely credible." (Tr. 17). Credibility determinations related to a Plaintiff's symptoms or limitations are made by the ALJ "*as opposed to the appellate courts.*" *Siebert v. Comm'r of Soc. Sec.*, 105 Fed. Appx. 744, 747 (6th Cir. 2004) (emphasis in original).  Although an ALJ's credibility determination is accorded great deference, it must also be supported by substantial evidence.  *Blacha v. Sec'y of Health & Human Servs.*, 927 F.2d 228, 230 (6th Cir. 1990).  Where the medical evidence is consistent, and supports Plaintiff's complaints, the ALJ may not discredit Plaintiff's testimony and deny benefits.  *King v. Heckler*, 742 F.2d 968, 975 (6th Cir. 1984). Where, however, the medical evidence conflicts, and there is substantial evidence supporting and opposing a finding of disabled, the Commissioner's resolution of the conflict will not be disturbed by the Court.  *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983).

In this case, the ALJ's credibility determination concerning Plaintiff's symptoms is supported by substantial evidence.  To begin, the ALJ did find that the Plaintiff's "medically determinable impairments could reasonably be expected to produce the alleged symptoms." (Tr. 17).  In making this determination, the ALJ proceeded to discuss individually each of Plaintiff's impairments and concluded that the objective medical

7

evidence conflicted with Plaintiff's claims concerning the intensity, persistence and limiting effects of the alleged symptoms she experienced as a result of her impairments, and thus, were "not entirely credible."   (Tr. 17).

For example, the ALJ considered Plaintiff's testimony that she suffered from heart problems and found that the medical evidence showed that Ms. Branscum was treated by a cardiologist and did exhibit some abnormalities on echocardiogram and stress testing. In December 2004, however, Dr. Thannoli–Plaintiff's treating cardiologist–prescribed beta-blockers to help alleviate Plaintiff's chest pain and heart palpitations, later reporting that because of the medication her symptoms of chest pain had "completely subsided" and her heart palpitation frequency has "regressed." (Tr. 181).  In both January and June of 2005, and again in September 2006, Dr. Thannoli concluded that Ms. Branscum was a "pleasant lady in no acute distress." (Tr. 176-77, 265).  Also in September 2006, Dr. Thannoli reported that Plaintiff denied having any chest pain or shortness of breath, except with exertion secondary to her obesity.  (Tr. 265).

During her consultative psychological exam by Dr. Greg Lynch in May 2006, Plaintiff reported that the antidepressant, Effexor, had been "beneficial for her." (Tr. 188, 222).  Dr. Eadens' medical records, dated September 2006, indicate that Plaintiff's heart palpitations, knee and joint pain, high blood cholesterol, and depressive disorder were all stable.  (Tr. 262).  Notably, these same records indicate that Plaintiff denied experiencing anxiety and depressive symptoms at the time she was examined, and that she did not have any joint swelling such that her joint strength bilaterally was 5/5 .  (Tr. 261-62).

The objective medical evidence conflicts with Plaintiff's testimony regarding the persistence, intensity and limiting effects of her symptoms, and the record makes clear that

8

the ALJ's credibility determination is supported by substantial evidence.  Consequently, the Court defers to the ALJ's credibility determination.  *Kinsella*, 708 F.2d at 1059.

### 3. ALJ's Hypothetical Question Posed to the Vocational Expert

Lastly, Plaintiff argues that the hypothetical questions posed to the VE did not reflect Plaintiff's overall limitations.  Plaintiff fails to indicate in what respect the hypothetical questions did not reflect the overall limitations identified in her testimony.  A hypothetical question posed to a vocational expert, however, need not include consideration of Plaintiff's subjective complaints if the ALJ finds, based upon substantial evidence, those complaints are not credible.  *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 150 (6th Cir. 1996).  As discussed previously, due to their inconsistency with the entirety of the objective medical record, the ALJ concluded Plaintiff's subjective complaints about the persistence, intensity of her impairments were "not entirely credible."  (Tr. 17).  Consequently, the ALJ was not required to include Plaintiff's subjective complaints in his hypothetical questions to the VE.

One final matter deserves comment.  The last question posed to the VE included facts that assumed Plaintiff's testimony was "full[y] credible."  (Tr. 286).  In response to that question the VE testified that there were no jobs in the national economy for Plaintiff to perform.  (Tr. 287).  Despite the VE's response to this hypothetical it is the ALJ's function to make the credibility determination and further assess how Plaintiff's medical restrictions affect her RFC.  The ALJ is permitted to rely on a VE's answer to a hypothetical question only to the extent the assumptions included in the hypothetical are supported by substantial evidence.  *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987).  Because Plaintiff's subjective complaints are not supported by substantial evidence, the ALJ is not permitted, nor may he rely on the VE's response to the third hypothetical

9

question. (Tr. 286). Where substantial evidence supports the ALJ's finding that a Plaintiff has the RFC necessary to perform a significant number of jobs identified by the VE–as it true in this case–it is irrelevant that the VE also testified that the Plaintiff could not perform other jobs based upon a hypothetical assuming a more severely restricted RFC. *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 246-47 (6th Cir. 1987).

### III. CONCLUSION

Therefore, for the reasons stated herein, the Court concludes that the ALJ's RFC determination and his finding that the Plaintiff is not disabled is supported by substantial evidence. Accordingly,

**IT IS ORDERED as follows:**

1. The decision of the Commissioner is supported by substantial evidence and is hereby **AFFIRMED**;

2. Plaintiff's Motion for Summary Judgment (Doc. #10) is hereby **DENIED**;

3. Defendant's Motion for Summary Judgment (Doc. #11) is hereby **GRANTED**;

4. A judgment affirming this matter will be entered contemporaneously herewith.

This 29th day of October, 2009.



Signed By:
*David L. Bunning*   DB
United States District Judge

G:\DATA\SocialSecurity\MOOs\6-09-74-BranscumMoo.wpd